UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL BLAINE PARKER,

    Plaintiff,

    v.      CAUSE NO. 3:22-CV-830-RLM-MGG

ITODO and DAWN BUSS,

    Defendants.

OPINION AND ORDER

Michael Blaine Parker, a prisoner without a lawyer, filed a complaint about the legal mail process at Indiana State Prison. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Indiana State Prison has a policy in which offenders no longer receive the original "legal correspondence" (defined as "[c]orrespondence mailed directly from or to a court, a judge, or an attorney") mailed to them at the prison. ECF 1-1 at 1-3 (ISP 12-03: Delivery of Legal/Privileged Offender Correspondence). Instead, the policy states that when an offender receives legal correspondence, he has the option of paying for the original to be sent home; otherwise, prison staff will photocopy the

contents, give the copy to the offender for an acknowledgement that it is an accurate copy, and then shred the originals in front of the offender. *Id.* at 2-3. The policy states that after the originals are shredded, the offender is to "sign the Legal Acknowledgement Sheet, acknowledging he received the legal mail, that an acceptable copy of his legal mail has been made, that the number of pages being copied equals how many pages are in the original, that he has accepted the copy, and that the original was destroyed in his presence." *Id.* at 3.

Mr. Parker doesn't challenge the policy itself. Instead, he alleges that Captain Itodo doesn't follow the policy as written and requires him to sign the Legal Acknowledgement Sheet before receiving the copies and being able to verify that the copies are correct. He fears that if he returns to his cell and discovers that he is missing a page, he will be left with no recourse because he signed a paper stating that he received an accurate copy. As a result, he might miss deadlines in court cases while waiting for another original to be mailed to him. Mr. Parker identifies three instances in which he had conflict with Captain Itodo over the legal mail policy. In one, he says he eventually received the original a week later. In another, he says, he tried to notate on the acknowledgment sheet that his signature meant only that it was legal mail without any representation as to the accuracy of the copies, but Captain Itodo pulled the sheet away before he could. The third time, Mr. Parker claims Captain Itodo wouldn't let him sit on the table to count the pages, so he had to drop them on the floor and count them as he picked them up.

Mr. Parker also sues Dawn Buss because he wrote her a letter complaining about Captain Itodo not following the policy and she did not correct the problem. Instead, she responded, "If you don't like the way he does the legal mail, you can file a grievance." ECF 1-1 at 9.

Mr. Parker frames this as a denial of access to the courts. Prisoners are entitled to meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. Snyder v. Nolen, 380 F.3d 279, 291 (7th Cir. 2004). To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, Nance v. Vieregge, 147 F.3d 589, 590 (7th Cir. 1998), and that actual injury (or harm) resulted. Lewis v. Casey, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. Marshall v. Knight, 445 F.3d 965, 968 (7th Cir. 2006).

Mr. Parker doesn't state a claim for denial of access to the court because he doesn't identify any potentially meritorious legal claim that was harmed. Instead, he

3

fears a legal claim might be harmed in the future. This speculation isn't enough to proceed.

Nor do these allegations state a claim for a violation of the constitutional protections for "legal mail." Constitutionally protected legal mail is limited to mail to or from the inmate's attorney and clearly identified as such on the envelope. Kaufman v. McCaughtry, 419 F.3d 678, 686 (7th Cir. 2005). This mail can't be opened outside the inmate's presence so as to protect his privileged communications with his attorney. *Id.* Mr. Parker's allegations don't establish a potential violation; if any of the mail was from his attorney and properly designated as such, it was opened in his presence as required.

Finally, Mr. Parker hasn't established an actual injury. Although he fears that Captain Itodo's misapplication of the policy might result in him not receiving a proper copy, that hasn't happened. Captain Itodo's failure to follow a prison policy that doesn't result in harm to Mr. Parker can't be the basis of a claim under 42 U.S.C. § 1983. A violation of a prison policy, alone, doesn't state a constitutional claim. *See* Scott v. Edinburg, 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. §1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices.").

This complaint doesn't state a claim for which relief can be granted. If Mr. Parker believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in

4

early stages, at least where amendment would not be futile." Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Michael Blaine Parker until **April 24, 2023**, to file an amended complaint; and

(2) CAUTIONS Mr. Parker if he doesn't respond by April 24, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on March 20, 2023

              s/ Robert L. Miller, Jr.
              JUDGE
              UNITED STATES DISTRICT COURT